**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Tampa Division

**CIVIL RIGHTS COMPLAINT FORM**

Eric James Garcia

CASE NUMBER: 8:17cv898T17JSS
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison number, if applicable)

v.

Pinellas County Sheriffs Department; Pinellas Park Police Department; Hernando County Sheriffs Department;

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

2017 APR 17 PM 12:53

**ANSWER ALL OF THE FOLLOWING QUESTIONS:**

I. PLACE OF PRESENT CONFINEMENT: H3-113u, Wakulla C.I. Main Unit, 110 Malaleuca Drive, Crawfordville, FL 32327
(Indicate the name and location)

II. EXHAUSTION OF ADMINISTRATIVE REMEDIES: **Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

III. PREVIOUS LAWSUITS:

A. Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No ( ✓)

B. Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No ( ✓)

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

Plaintiff(s): ______________________________

______________________________

Defendant(s): ______________________________

______________________________

2. Court (if federal court, name the district; if state court, name the county):

______________________________

3. Docket Number: ______________________________

4. Name of judge: ______________________________

5. Briefly describe the facts and basis of the lawsuit: ______________________________

______________________________

______________________________

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

______________________________

______________________________

7. Approximate filing date: ______________________________

8. Approximate disposition date: ______________________________

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so,

identify these suits below by providing the case number, the style, and the disposition of each case: ______________________________

______________________________

______________________________

______________________________

IV. PARTIES: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: Eric James Garcia

Mailing address: #R65068/H3-113U, Wakulla Main Unit, 110 Malaleuca Drive, Crawfordville, FL 32327

B. Additional Plaintiffs: ______________________________

______________________________

______________________________

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: Pinellas County Sheriffs Department

Mailing Address: P. O. Drawer 2500, Largo, FL 33779-2500

Position: Entire Department

Employed at: ______________________________

D. Defendant: Pinellas Park Police Department

Mailing Address: 7700 59 Street North, Pinellas Park, FL 33781

Position: Entire Department

Employed at: __________

E. Defendant: Hernando County Sheriffs Department

Mailing Address: 18900 Cortez Blvd. N., Brooksville, F.L. 34601

Position: Entire Department

Employed at: __________

F. Defendant: __________

Mailing Address: __________

Position: __________

Employed at: __________

G. Defendant: __________

Mailing Address: __________

Position: __________

Employed at: __________

V. STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. **Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.**

Regular and Sexual Harrassment; Character Defamation; USCA 6 violations of due process; USCA 8 violations of cruel/unusual punishment; Overzealous arrests and Baker Acts; Fraudulent Arrests; Negligence; Brutality; HIPA Rights Violation; Nurenberg Code Violations; Pain & Suffering; Discrimination; USCA 4 violation of unreasonable seizure.

VI. STATEMENT OF FACTS: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant[s]).

Since 9 years old, Plaintiff's adoptive parents have been abusing him and neglecting him; Pinellas County Sheriffs have been involved (referred to as PCS). Told PCS about this abuse/neglect; never arrested perpetrators, equally protecting him - a U.S. citizen. Plaintiff, at 14, called 911 concerning his adoptive father hitting him with a baseball bat; Luis (father) answered front door with bat in hand; deputies went upstairs and hit Plaintiff with their batons multiple times; called him

a liar and Baker Acted him - said he got the bruises from himself. This was brutality and shows their history of hostility towards Plaintiff. This instance is documented in reports and on trial transcripts of case #1403062 CFANO where adoptive father admits using baseball bats to abuse his son.

Deputies from PCS, such as Deputy Bruce from Seminole Middle School, Baker Acted him multiple times against his will, and despite his protests (due process violation to detain some one without court processes) because of his religious identity and preferences (into Paganism - not Christianity). They even Baker Acted him when he was not suicidal or hurting himself; motive was to remove him from society because he was not a Christian. This is all documented in reports; this happened over 20 times; from ages 9 to 23. One time he was Baker Acted against his will because of cat scratches, missing school while in a mental hospital and failing because of his absence. Their deputies would call him crazy because he believed in astral projection, his third eye, and meditation as well as seeing auras, which goes against PCS's religious values of Jesus Christ, which is whom they told Plaintiff must pray to if he wanted the demons to leave him alone and they would stop Baker Acting him when he repents. Told him he was "sick" because he does not believe Jesus Christ is his lord and savior. Sgt. McGruff and her lackey in the Pinellas County Jail even showed him a tattoo of a cross on the lower-ranking deputy's hand and made threats - then put him in a medical suicide cell. Plaintiff was represented by lawyer Tobias Pardue at the time;

all this is documented; lawyer had to come to the jail and get him out. Were it not for this lawyer, Plaintiff feared he would have been killed by Christian deputies for being a "pagan heathen" as they put it. This happened right after Plaintiff was stabbed by a Christian inmate in F section of jail; deputies put in their reports Plaintiff did it to himself and Baker Acted him (refusal to equally protect him from his aggressors).

Also related to this former paragraph is the fact that Plaintiff is adopted; biological mother was diagnosed with schizophrenia; these records should have never been known to adoptive parents or PCS; used them to Baker Act him and treat him for the mental conditions of his biological mother - not objectively treating him for his own. He was being abused by his adoptive parents (with baseball bats and guns according to a trial transcript on 7/7/15 for case #1403062 CFANO where they admitted as much), which is why he would cry as a child and teenager; scratches and bruises were from adoptive parents - not him; treated him for neuroseses which his biological mother had is not objective and is very damaging and malicious towards his biological geneology. This was not only a USCA 8 violation, but is a human rights violation for allowing his adoptive parents abuse him; he reported these instances to authorities every time he was Baker Acted, but because of his adoptive file, PCS told him he was hallucinating and having a schizophrenic, depression, manic bipolar episode (transcripts for case # 1403062 CFANO shows he was in fact being abused, thus deputies

tried to cover this up).

Plaintiff was arrested at 12 for possession of drug paraphinilia (a marijuana pipe). Plaintiff uses marijuana to cope with Post Traumatic Stress Disorder from child abuse, child neglect, and police harrassment/brutality by the PCS. Cruel/unnusual punishment (USCA 8 violation) because his sentence exceeded the 1 year maximum sentence guideline such a sentence conceded. Also, he was court ordered to indefinite probation, Alcoholics Anonymous, drug tests, court costs, ingest any and all drugs prescribed, anger management, 2 weeks of house arrest, and a curfew. A marijuana pipe does not constitute anger management nor Alcoholics Anonymous (it is not alcohol) and definitely not to take all drugs prescribed. He was also sentenced to multiple juvenile programs where he was expirimented on by psychiatrists with new psychotropic medications. This is all documented in court records, police reports, and medical files. These drugs include, but are not limitted to; Abilify, Cymbalta, Lexapro, Ridillin, Adderal, Stratera, Seroquil, Rispedral, Trileptal, and others. Some of these drugs caused permenant damage, and because he was court ordered to ingest them as part of his probation, it was a Nurenberg Code violation (human rights violation). Such a violation is irreperable and Plaintiff will never be the same again because of these expirementel drugs. Plaintiff did over 4 years for this crime of possession of a marijuana pipe. Lastly, the judge, after over 4 years of probation and incarceration, had the audacity to

to unsuccessfully discharge him from probation (he successfully completed 3 juvenile programs).

As a teenager he was arrested at night (past 11 p.m.) for jogging around the neighborhood where his friend lived whom he was sleeping over at. He was charged with loitering and tresspassing, despite being on a public sidewalk. After this incident, Plaintiff told PCS to cease and desist verbally and by letters (all documented). This shows their ill will towards Plaintiff.

At 18, Plaintiff was sentenced to complete a residential program called Tampa Crossroads in St. Petersburg, FL which received contracts from PCS and its subsidiaries. Thus said, as defined by the Prison Rape Elimination Act, it ~~was~~ was a subcontractor and all its employees were subcontracted by the PCS; responsibility falls on their shoulders for court ordering Plaintiff to such. Sarah M. Vancamp (2/4/85) was a counselor there. She, a subcontractor for PCS, sexually harassed Plaintiff as well as passed to him sexually transmitted diseases which are permanent. She told Plaintiff, while at Tampa Crossroads, to engage in a relationship with her or she would "snitch on him, getting him thrown out of the program and sent to prison for 5 years." Psychologically coercing him, she had unprotected sex with Plaintiff, knowingly giving him both Human Papiloma Virus (HPV) and mononucleosis. She did not tell Plaintiff she had these permanent sexually transmitted diseases. Plaintiff now has genital warts (very painful growths) on the inside of his

urethra and outside on the shaft of his penis which sometimes even bleed and swell his urethra shut. Plaintiff is always in pain when he urinates. There is no cure for either of these diseases, therefore he will suffer for the rest of his life and needs compensation for a lifetime's worth of medical costs. "Mono" causes an immune deficiency thus HPV can attack with more maliciousness, jeopardizing Plaintiff's once uninfected genitilia. This subcontractor shows the maliciousness, vindictiveness, and hatred of the PCS. Despite Plaintiff reporting this to staff at the Pinellas County Jail in 2014, and the PREA law that is supposed to protect inmates in all sectors of court ordered incarcerations, no PCS deputy has made an effort to protect Plaintiff (negligence).

She was also supposed to testify, and was subpeonaed to do so, in a trial where Plaintiff was attacked by Luis and Rene Garcia (abusive adoptive parents) and Plaintiff had to defend himself. She skipped out on the subpeona, but sent him child support papers for their son (Maxum James Vancamp) which he did not wish to have but she did. This shows further evidence of PCS's maliciousness, for if she would have testified, he would have had a greater probability of winning trial. Plaintiff and court records, as well as documents, will reflect this instance.

Furthermore, Plaintiff was told by the malicious Subcontractor of PCS to circumsize his penis

if he ever wanted to see his child (the only flesh and blood/biological family he has and ever met). Because of the HPV and mono the circumcision was very painful and did not heal properly, causing distress and continueous pain. She used the child as a weapon, only to control him, causing not only physical anguish but emotional and mental. Being that it is his only known flesh and blood (kin) that he has ever had in his life enhanked his pain and suffering.

Plaintiff was attacked by his adoptive parents on the night of 4/19/2014. They rammed his eco-car Hyundai Accent he was driving from behind, causing the rear bumper to halfway fall off. Photographs of this are in evidence of case #1403062 CFANO. Deputies involved from the PCS (Darryl Martin, Gavin Maccubin, Natasha Heather Meade, Stacey Wall, Marie Milges, Ateka Sanford, Joseph Smallen) were in charge of charging Plaintiff with two counts of aggrivated assault with a motor vehicle against them (Luis and Rene Garcia) when Plaintiff was the victim. These two charges were later dropped due to it being a wrongful/fraudulent arrest used to defame Plaintiff's character. Deputies aforementioned also charged Plaintiff in the same case on that evening with allegedly shooting, premeditatively, Cameron Ceveling, Kerrah Ceveling, and their son Ryan. There was no evidence whatsoever to charge Plaintiff with defaming and humiliating

set of charges, and as de facto, none of these people were even shot. Despite no one being shot, nor their vehicle in their accusation being shot at, it was extremely overzealous of police to arrest and charge Plaintiff for such. Also related to this is a charge of burglary in Pinellas Park of a condominium at 6204 92nd Place North, Pinellas Park, FL 33782 which was not only another false/malicious arrest but in a related case the state attorney (Nathan Vonderheide at the Pinellas County State Attorney's Office) used such false arrest as evidence to attempts of murder for which Plaintiff was on trial (such character defamation by a prosecutor is illegal). Despite Plaintiff presenting mail and evidential testimony that he lived there to I.D. Technician R. Detwiler at PCS and Cappa (officer at the Pinellas Park Police Department) whose I.D. is 11865, deputies still charged him with burglary of his own residence. This charge was dropped after Plaintiff was convicted because of prosecutor misconduct from such character defamation because it is his legal residence, or was his legal residence at the time of the crime they charged him with. Not only did these employees show complete disregard for Plaintiff's well being and reputation, but did these things so vindictively as to cause anguish. The last few charges in connection to this

chain of cases used to defame Plaintiff's Character were first degree felony burglary with a firearm (punishable by life) and arson in Hernando County. Plaintiff was at work/allegedly burglarizing the condominium in Pinellas Park at exactly the same time the alleged burglary and arson occurred. These two places are over and about an hour away from each other. Despite this alibi, Hernando County Sheriff K. Pippin put a warrant out for Plaintiff's arrest and charged him. These two charges, once Plaintiff was expedited, were dropped due to a lack of evidence, an alibi, and because it is also his legal residence (according to records and signed affidavits from owners Luis and Rene Garcia which will be submitted into evidence). These two extremely perverse and serious charges show the maliciousness of the law enforcement involved.

During that same arrest, Plaintiff told Deputy Martin in the police report, but upon arrival at the Pinellas County Jail a failure to treat for such, he was poisoned by butane in his medical marijuana. This poisoning causes brain damage. Vitamin B counteracts the butane - a simple thing for them to prescribe. Instead they didn't give him any thing; negligent, malicious, cruel/unnsual punishment and brutality.

All these supporting paragraphs show the overall maliciousness and cumulative affect of over 16 years of pain/suffering and damages.

Also, this shows and supports over 16 years worth of harrassment, human rights and civil rights violations, trauma caused by such, and physical (body and brain damage), mental (Post Traumatic Stress Disorder of over 16 years of brutality and the like) and emotional (abuse from deputies, parents, and subcontractor with circumcision, genital warts, and usage of a child as a weapon) irreperable harm. The damage caused was known by the Pinellas County Sheriffs, for as they say in criminal court proceedings, law enforcement is presumed to have explicit knowledge of all laws, documents, and circumstances of a case. The PCS knowingly and maliciously used these weapons (Baker Acts; Character Defamation; HIPA Rights Violations; USCA Violations; USCA 6 violations; Biological Warfare with genital warts and mono; Nuremberg Code Violations with experimental psychotropic drugs; Overzealousness; Discrimination) to destroy Plaintiff's reputation, business (Economic Computer Solutions), physical well being, mental well being, emotional well being, his penis, chances of going to medical school and joining the Air Force (he scored 88th percentile to do so).

VII. **RELIEF REQUESTED**: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

$275,000 Nominal damages for violations of civil and

human rights. $255,500,000 Compensatory damages for irreparable harm to his penis, mental health, reputation, court costs, medical costs for painful growths on his genitals, psychological costs for a lifetime of treatment, damages to his business, the pain/suffering from 16 years worth of attacking him and the damages thereof for it will costs millions to restore him to any thing close to what he would be had this not happened. $125,550,000 In punitive damages due to the aggresiveness and maliciousness (ill will) of the Pinellas County Sheriffs. Lastly, a cease/desist.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

**Signed this** 12 **day of** April **, 20**17**.**

____________________________

**(Signatures of all Plaintiffs)**

**IF MAILED BY PRISONER:**

**I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): [x] delivered to prison officials for mailing or [ ] deposited in the prison's internal mail on: the** 12 **day of** April **, 20**17**.**